# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**LARRY LEWIS,**

    **Plaintiff,**

**v.**                                              **Case No: 5:21-cv-156-TJC-PRL**

**UNITED STATES OF AMERICA,**

    **Defendant.**

___

## REPORT AND RECOMMENDATION[1]

Plaintiff, who is proceeding *pro se*, is suing the United States for failing to pay him reparations for the enslavement of his ancestors. Plaintiff requests injunctive relief and damages. Plaintiff has filed a motion to proceed *in forma pauperis*. (Doc. 2). For the reasons discussed below, the motion is due to be denied and the complaint dismissed.

### I.   LEGAL STANDARDS

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or … seeks monetary relief against a defendant who is

___

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

immune from such relief. *Id.* 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *Id.*

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984) (internal citations omitted). The district court may dismiss a complaint under § 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id.* at 640. For example, the absolute immunity of the defendant would justify the dismissal of a claim as frivolous. *Id.* at 640, n. 2. "When the defense is apparent from the fact of a complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id.* "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (citing *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979)).

In evaluating a complaint under §1915, a document filed pro se is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Id.* at 1949. A pleading is insufficient if it offers mere "labels and conclusions"

or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. 544, 555. Although Plaintiff is proceeding *pro se*, he is "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

Jurisdiction is a threshold issue in any case pending in United States district court. Indeed, federal courts are courts of limited jurisdiction, which are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of So. Ala. v. American Tobacco Co.,* 168 F.3d 405, 409 (11th Cir.1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir.1994)). "[A] court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.,* 236 F.3d 1292, 1299 (11th Cir.2001). This inquiry should be done at the earliest stage in the proceedings and *sua sponte* whenever subject matter jurisdiction may be lacking. *University of S. Ala. v. American Tobacco Co.,* 168 F.3d 405, 410 (11th Cir.1999). "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1261 (11th Cir. 2000).

## II. DISCUSSION

Plaintiff lists several causes of actions, all based on the United States' failure to pay reparations to him and his family, including violations of his inheritance rights, tort claims, a conspiracy, and civil rights violations. Plaintiff seeks $700 billion in damages and injunctive relief.

Plaintiff's main allegation is that he and his family have not received reparations, which he classifies as inheritance, that he believes they are owed due to the enslavement of their ancestors. In claiming a right to reparations, Plaintiff mentions the reparations authorized by Congress for individuals of Japanese ancestry who were forced into internment camps during World War II. However, those reparations were not awarded as damages in court, but were enacted into law by Congress in the Civil Liberties Act of 1988, 50 U.S.C. §§ 4202, 4215. The court makes note of this because such a right to reparations is perhaps better sought through the elected branches of government and not the courts. Indeed, a request for reparations falls under the political-question doctrine and exceeds judicial capabilities. *See Hannon v. Loretta Lynch,* No. 2:15-CV-0718, 2016 WL 491831, at *2 (S.D. Ohio Feb. 9, 2016) (dismissing a complaint where the plaintiff sought reparations because it presented a non-justiciable political question); *Long v. United States*, No. CIV A 1:06CV-P176-M, 2007 WL 2725973, at *5 (W.D. Ky. Sept. 14, 2007) (finding that a plaintiff's claim for reparations fails under the political-question doctrine); *see also In re African American Slave Descendants Litig.*, 471 F.3d 754, 758 (7th Cir. 2006) (noting that "a case that sought reparations for the wrong of slavery" would likely exceed judicial capabilities and be barred by the political question doctrine).

Additionally, the party invoking federal jurisdiction must establish standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). To establish standing at the pleading stage, Plaintiff must allege facts showing he suffered an "'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (citations omitted). Plaintiff's alleged

injuries stem from the enslavement of his ancestors, which has caused the plaintiff to suffer from "stress, loss of sleep, depression, [and] emotional disturbance. . . ."

Courts have routinely found that plaintiffs in similar cases lack standing to sue for reparations. *See Tatum ex rel. Blacks v. United States*, 630 F. App'x 638 (7th Cir. 2016) ("A plaintiff cannot pursue claims belonging to his ancestors whether or not the wrongs done to the ancestors have injured the plaintiff indirectly."); *In re African–American Slave Descendants Litig.*, 471 F.3d at 759-60, 762 (finding a lack of Article III standing for plaintiffs who claimed to be descendants of slaves suing for reparations); *Cato v. United States,* 70 F.3d 1103, 1109-10 (9th Cir.1995) (finding the plaintiff lacked standing to litigate claims based on the stigmatizing injury of discrimination in general); *see also Hamilton v. United States,* No. 1:10-CV-808, 2012 WL 760691 (E.D. Tex. Feb. 9, 2012), *report and recommendation adopted,* No. 1:10-CV-808, 2012 WL 760877 (E.D. Tex. Mar. 8, 2012) (finding a plaintiff lacked standing to sue for "the alleged effects of enslavement, segregation and discrimination over history"); *Long,* 2007 WL 2725973 (finding that a plaintiff lacked standing to sue for the "alleged effects (his parents' problems and resulting divorce and his genetically inherited mental condition) of his ancestors' enslavement and segregation"); *Himiya v. United States*, No. 94 C 4065, 1994 WL 376850, *2 (N. D. Ill. July 15, 1994) ("Although it is extremely regrettable that this country's history, as well as the history of many other countries, includes a significant history of slavery, the plaintiff does not have proper standing under the law to recover damages for this reprehensible time period."). Like the plaintiffs in those cases, Plaintiff lacks standing to sue for his injuries that are the alleged effects of his ancestors' enslavement.

Even so, Plaintiff attempts to bring an action under 42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the person engaged in the

conduct complained of was acting under color of state law; and (2) the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. *Teartt v. Pasco Cty. Jail*, No. 8:10-CV-565-T-30TGW, 2010 WL 996513, at *2 (M.D. Fla. Mar. 17, 2010) (citing *Duke v. Massey,* 87 F.3d 1226, 1231 (11th Cir. 1996)). Here, Plaintiff claims he was deprived of his right to reparations. However, as discussed above, at this time, there is no federal law that provides the right to be paid reparations. *See Tracy v. Commonwealth of Va.*, No. CIV.A. 7:01-CV-01031, 2001 WL 34780567, at *1 (W.D. Va. Dec. 26, 2001), *aff'd sub nom. Tracy v. Virginia*, 31 F. App'x 284 (4th Cir. 2002) (dismissing an action brought under section 1983 for reparations because "there is no federal law that provides for reparations to be paid to the decedents of slaves"); *see also Cato*, 70 F.3d 1103 (determining that decedents of slaves could not bring an action for reparations under the FTCA). Plaintiff has not alleged that he was deprived of an established right and therefore, has not stated a claim under section 1983.

Further, to the extent that Plaintiff attempts to bring a claim against the United States under the Federal Tort Claims Act (FTCA), his claim would also fail. Plaintiff has not alleged any element of a tort claim that could be plausible under the FTCA. Plaintiff claims that due to the United States' failure to pay reparations, "many Americans of color who are descendants of slaves [are] unable to hire effective legal counsel (constitutional violation), or even to not be coerced and induced into paternity court contracts and child support contracts. . ." Again, there is no law creating a right to reparations or a legal duty requiring the United States to pay these reparations. *See Tracy*, 2001 WL 34780567 ("There is no federal law that provides for reparations to be paid to the decedents of slaves"). And as for Plaintiff's allegation that there was a conspiracy pursuant to 18 U.S.C. § 242, this statute is a criminal

statute that does not provide for a private right of action. *Trotter v. Swearingen*, No. 8:18-CV-545-T-36JSS, 2018 WL 1917601, at *2 (M.D. Fla. Mar. 26, 2018) (finding that a claim brought under 18 U.S.C. § 242 does not give rise to civil liability or private causes of action).

### III.  RECOMMENDATION

Therefore, it is respectfully recommended that Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be denied and his complaint (Doc. 1) be dismissed.

Recommended in Ocala, Florida on April 13, 2021.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy